# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| EVELYN CAMPBELL, | * | |
| Plaintiff, | * | |
| v. | * | CASE NO.: CV-13-632 |
| TPS & ASSOCIATES, | * | |
| Defendant. | * | |

## COMPLAINT

**COMES NOW** Plaintiff, Evelyn Campbell, (hereafter "Plaintiff") by counsel, and for her Complaint against the Defendant, alleges as follows:

## PRELIMINARY STATEMENT

This is an action for actual, statutory and punitive damages, costs and attorney's fees brought pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. 1692, arising from unlawful actions taken by Defendant against in connection with a debt which she does not owe.

## JURISDICTION

1. This action includes claims which arise under the statutes of the United States and this Court's jurisdiction is conferred by 28 U.S.C. § 1331, 15 U.S.C. § 1692k(d) and 28 U.S.C. 1367.

## PARTIES

2. The Plaintiff is a natural person and resident of the Mobile County, Alabama. She is a "consumer" as defined by 15 U.S.C. § 1692a(3).

3. Defendant TPS & Associates("TPS"), is a corporation formed outside the State of

Alabama and has its principal place of business in the State of New York is a "debt collector" as defined by the 15 U.S.C. § 1692a(6).

## FACTS

4. In 2009 Ms Campbell obtained a pay day loan with a lender called Magnumz, LLC, d/b/a the "Debt doctor" ("Magnumz").

5. Shortly after obtaining the loans, Plaintiff paid Magnumz what she believed to be all that was owed on the loan. However, she was subsequently contacted by a series of third party debt collectors seeking to collect additional sums allegedly owed on the Magnumz loan. One such debt collector was Sieger, Ross and Aguire, LLC, a collection firm out of Cheektowaga, New York. ("Sieger").

6. In order to avoid any further collection efforts, Plaintiff paid the amount Sieger claimed was owed on the Magnumz loan. Sieger confirmed the payment by letter stating that the debt had been paid in full. That letter was dated October 21, 2011, and confirmed that the Magnumz account has been "paid in full." That letter also stated that information reported to credit bureaus will be updated to reflect the payment of a debt in full.

7. After receipt of these letters, Ms Campbell considered the matter closed. However, Ms Campbell continued to receive collection calls and letters from various debt collectors seeking to collect additional sums which were claimed to be owed on the Magnumz debt.

8. One such debt collector is Defendant TPS. Collectors for TPS started calling Plaintiff in Spring of 2013. The TPS collectors insisted that Plaintiff owed the money, demanded payment and threatened Plaintiff with immediate wage garnishment if payment was not immediately made. TPS failed to provide any letter or other writing which identified the debt or which described

Plaintiff's right to dispute the debt and demand verification of the debt. At no point has TPS held any legal right to garnish Plaintiff's wages.

9. TPS attempted to collect sums not owed and contacted Plaintiff without providing the information required by the FPCPA. TPS also threatened actions which it had no right or intent to take.

## COUNT ONE
### (Fair Debt Collections Practices Act Violations)

10. Plaintiff realleges and incorporates each of the preceding paragraphs as if fully set out herein.

11. This is a claim asserted against Defendant TPS for multiple violations of the FDCPA, 15 U.S.C. § 1692 (the "FDCPA").

12. Defendant TPS is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6). The alleged debt which TPS attempted to collect from Plaintiff is a "debt" as defined by the FDCPA, 15 U.S.C. § 1692a(5).

13. Defendant has violated the FDCPA in connection with its attempts to collect on an alleged consumer debt. Defendant's violations include, but are not limited to, the following:

   A. Engaging in communication with Plaintiff, the natural consequence of which is to harass, oppress, or abuse Plaintiff in connection with the collection of a debt. This is a violation of 15 U.S.C. § 1692d.

   B. Making attempts to collect upon a debt prior to notifying Plaintiff that she has the right to dispute the validity of the debt and the right to request written verification of the debt as required by 15 U.S.C. § 1692g(a);

   C. Attempting to collect amounts which are not authorized by any contract or permitted by law. This is a violation of 15 U.S.C. § 1692f(1);

   D. Making attempts to collect, including making threats of garnishment, on a debt which

Defendant knew or should have known has no basis in law or fact. This is a violation of 15 U.S.C. § 1692f, 1692e(2)(A);

E. Placement of telephone calls without meaningful disclosure of caller's identity in violation of 15 U.S.C. § 1692d(6);

14. All of the actions taken by TPS in violation of the FDCPA occurred within one year of the filing prior to this action.

15. As a proximate result of TPS's violations of the FDCPA, Plaintiff has suffered actual damages, including mental and emotional pain, distress and anguish, humiliation and embarrassment, as well as damages to her credit and reputation.

16. As a result of its violations of the FDCPA, Defendant is liable to Plaintiff for compensatory damages, statutory damages, costs and attorneys fee, and for declaratory judgment that Defendant's conduct violated the FDCPA.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against Defendant TPS for the following:

A. Actual damages, including damages for mental and emotional pain, distress and anguish, humiliation and embarrassment, as well as damages to her credit and reputation;

B. Statutory damages pursuant to 15 U.S.C. 1692k;

C. Declaratory judgment that TPS's conduct violated the FDCPA;

D. Costs and reasonable attorneys fees pursuant to 15 U.S.C. § 1692k;

E. Such other and further relief as this Court deems just and proper, the premises considered.

**TRIAL BY JURY IS DEMANDED.**

_____
KENNETH J. RIEMER (RIEMK8712)
Attorney for Plaintiff
Post Office Box 1206
Mobile, Alabama  36633
Telephone: (251) 432-9212
E-mail: kjr@alaconsumerlaw.com

**DEFENDANT TO BE SERVED VIA CERTIFIED MAIL AS FOLLOWS:**

TPS & Associates
3221 Southwestern Blvd
Suite 120
Orchard Park, NY 14127